# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARWIN LENNIN ARGUETA,<br><br>    Petitioner,<br><br>  v.<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT, et.al.,<br><br>    Respondents.<br>_____/ | 1:08-cv-01911 DLB HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1] |

Petitioner is detained by the Bureau of Immigration and Customs Enforcement ("BICE") and is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner indicates that he was convicted in the United States District Court for the Northern District of Alabama, for possession with intent to distribute controlled substances (21 U.S.C. § 841(a) and criminal forfeiture (21 U.S.C. § 853(a)(1)). (Petition at 2.) On November 15, 2006, he was sentenced to forty-six months imprisonment. (Id.) He is currently in custody at the California City Correctional Center. (Id.)

In the instant petition, Petitioner challenges the detainer placed against him by the BICE, which he contends prevents his placement at a halfway house.

## DISCUSSION

The Ninth Circuit has held that a "bare detainer letter alone does not sufficiently place an alien in BICE custody to make habeas corpus available." Garcia v. Taylor, 40 F.3d 299, 303 (1004). Indeed, Petitioner is currently in federal custody at the California City Correctional

Center serving a sentence for a conviction arising out of the United States District Court Northern District of Alabama, for possession with intent to distribute a controlled substance and criminal forfeiture.

Petitioner's challenge is not cognizable in a habeas corpus action.  Pursuant to section 106 of the REAL ID Act, a petition for review to the court of appeals is the exclusive means of review of an administrative order of removal, deportation, or exclusion.  Id. at § 106(a).  Section 106(c) provides that any habeas corpus petition pending in the district court in which an alien challenges a final administrative order of removal, deportation, or exclusion shall be transferred by the district court to the appropriate court of appeals.[1]

However, there is no support for the proposition that the Court has jurisdiction to review the BICE's alleged future conduct.  It is the BICE and not this Court, which must determine whether the Petitioner in this case is deportable or removable.  It is also the BICE who determines whether the Petitioner is entitled to a stay from removal under § 212(c).  The BICE detainer or hold does not mean that Petitioner is in BICE custody for the purposes of obtaining habeas corpus relief.  See Campos v. Immigration and Naturalization Service, 62 F.3d 311 (9th Cir. 1995); Garcia, 40 F.3d at 303.  The hold is only a notification that a removal decision will be made at some later date.  Garcia, at 303-04; Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988).  Because Petitioner is subject to an BICE detainer or hold, there is no final order of removal or deportation and he is not BICE custody.  Thus, the Court cannot proceed with a habeas corpus petition concerning the BICE's actions.  See 28 U.S.C. § 2241(c).

Thus, habeas corpus relief is not available.  The hold does not place the Petitioner in BICE custody for the purposes of habeas review, and as Petitioner is not subject to a final order of removal, there is no action by the BICE this Court can review.

///

---

[1] Section 106(c) defines the appropriate transferee court as the "court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note)."  Section 242(b)(2) of the INA defines the proper venue for a petition for review as "the judicial circuit in which the immigration judge completed the [underlying immigration] proceedings."  INA § 242(b)(2), 8 U.S.C. § 1252(b)(2).

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the instant action be DISMISSED for failure to state a claim.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**   **December 23, 2008**            **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE

3